**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OL USA LLC, <br><br> Plaintiff, <br><br> v. <br><br> ARTISTIC HOLIDAY DESIGNS, LLC <br><br> Defendant. | Civil Action No. 1:23-cv-00306 <br><br> **COMPLAINT** <br><br> *Jury Trial Demanded* |

Plaintiff OL USA, LLC ("OL" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Complaint against Defendant Artistic Holiday Designs, LLC ("AHDL" or "Defendant") (together, with OL, the "Parties"), and alleges as follows:

## PARTIES

1. At all relevant times, OL was and is a Delaware limited liability company, with its principal place of business at 265 Post Avenue, Suite 333, Westbury, New York 11590.

2. At all relevant times, AHDL was and is a Florida limited liability company, with its principal place of business at 4417 SE 16th PL, Unit 13, Cape Coral, Florida 33904.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure as this action involves maritime bills of lading.

4. Venue is proper and AHDL is subject to personal jurisdiction in the United States District Court for the Eastern District of New York because the bill of lading contracts for ocean transport entered into between AHDL and OL, and the terms and conditions incorporated therein, make this Court the exclusive forum for disputes arising thereunder.

## FACTUAL BACKGROUND

5. During the summer of 2022, AHDL engaged OL to provide non-vessel operating common carrier services, namely, arranging the transportation of, among other goods, various holiday decorations (the "Goods") from overseas locations to AHDL's location in South Whitley, Indiana, (the "Ocean Transportation Services").

6. Also, during the summer of 2022, ADHL engaged OL, through OL's broker entity named Trans Zygos Logistics, LLC ("TZL"), by which OL agreed to provide third party transportation and logistical services for international ground shipments of Goods from Mexico to AHDL's location in South Whitley, Indiana (the "Ground Transportation Services" and together with the Ocean Transportation Services, the "Services").

7. At times, once the Goods reached AHDL's facility in South Whitley, Indiana, TZL would also provide Ground Transportation Services to have the Goods shipped to other AHDL facilities located in, among other places, Illinois and New York.

8. The Parties entered into a purchase order and invoice relationship with respect to the Services.

9. Pursuant to the invoices issued by OL, Defendant is obligated to pay all invoices from OL within thirty (30) days.

10. The Services were requested by, and for the benefit of, Defendant.

11. The Services were fulfilled by Plaintiff as requested without incident.

12. OL issued AHDL, in connection with providing the Ocean Transportation Services, bills of lading (the "Ocean BOLs"), which memorialized the contract of carriage terms.[1]

---

[1] The purchase orders, invoices, and bills of ladings governing the Services are voluminous and not attached hereto as a result. Defendant has not paid for almost 300 shipments as of the date hereof.

2

13. Specifically, the Ocean Transportation Services were subject to standard form terms and conditions (the "Terms and Conditions"), which are printed on the reverse side of each Ocean BOL issued by OL. The Terms and Conditions, as stated in the bottom right hand corner of each Ocean BOL, are also available on OL's website. A true and accurate copy of the Terms and Conditions that apply to the Ocean BOLs are attached hereto as **Exhibit A**.

14. The Terms and Conditions are also included in OL's tariff, as required by regulations by the Federal Maritime Commission, which are incorporated into the Ocean BOL issued by OL to AHDL. OL's tariff is also available on the internet.

15. Specifically, "Merchant" is defined in Section 1 of the Terms and Conditions as follows: "'Merchant' includes the shipper, consignor, consignee, owner, and receiver of the Goods and the holder of this Bill of Lading." *See* **Exhibit A**.

16. Section 20(e) of the Terms and Conditions (and the applicable tariff) provides:

> The shipper, consignor, consignee, owner of the Goods and holder of this Bill of Lading shall be jointly and severally liable to the Carrier for the payment of all freight and charges and for the performance of the obligations of any of them under this Bill of Lading.

*See* **Exhibit A**.

17. On each Ocean BOL and each corresponding invoice, AHDL is listed as the consignee.

18. Similarly, OL issued AHDL, in connection with providing the Ground Transportation Services, bills of lading (the "Ground BOLs" and together with the Ocean BOLs, the "BOLs"), which memorialized the contract of carriage terms.

19. On each Ground BOL and each corresponding invoice, AHDL is listed as the consignee and/or the shipper.

3

20. Thus, in consideration for OL's Services, and in accordance with the Terms and Conditions of the Ocean BOLs, and the Ground BOLs, AHDL, as a consignee and/or shipper, agreed to pay freight and all other charges associated (the "Charges") with transportation of the Goods.

21. In exchange for AHDL's agreement to pay for the Charges, AHDL's Goods were shipped from various points overseas and Mexico to the United States, and the Goods were received by AHDL at its facility in Indiana from September 20, 2022 to December 20, 2022 without issue or delay.

22. Despite receiving the Goods and the benefit of OL's Services, AHDL has failed to pay OL for its Services.

23. On December 22, 2022, OL sent a letter to AHDL demanding payment of the Charges and enclosing an aging report reflecting unpaid invoice amounts totaling $1,179,150.37 (the "First Demand Letter").  A true and accurate copy of the First Demand Letter with a summary of the unpaid invoices is attached as **Exhibit B** and incorporated herein by reference.

24. On January 9, 2023, OL sent a second letter to AHDL demanding paying of the Charges to AHDL (the "Second Demand Letter," and together with the First Demand Letter, the "Demand Letters") demanding payment.  A true and accurate copy of the Second Demand Letter is attached hereto as **Exhibit C**.

25. Notwithstanding the bills of lading and the provisions requiring AHDL to pay OL for the invoiced Charges upon receipt, OL's performance thereunder, and OL's demand for payment of the outstanding Charges, AHDL has failed to pay OL for the Charges incurred in connection with transporting the Goods in accordance with the BOLs.

26. Consequently, OL is entitled to recover damages from AHDL in an amount to be proven at trial of no less than One Million One Hundred Seventy-Nine Thousand One Hundred Fifty and 37/100 Dollars ($1,179,150.37), plus pre-judgment and post-judgment interest, costs and reasonable attorneys' fees.

## COUNT I – BREACH OF CONTRACT

27. OL incorporates by reference each and every allegation set forth above.

28. OL and AHDL entered into valid and enforceable bill of lading contracts in the form of the Ocean BOLs and Ground BOLs.

29. AHDL is bound by the Terms and Conditions incorporated by the Ocean BOLs and the terms and conditions of OL's tariff that are incorporated therein.

30. AHDL is also bound by the terms and conditions incorporated by the Ground BOLs.

31. OL has performed all of its obligations and duties under the BOLs, the relevant terms and conditions, and has satisfied any condition precedent to bringing this claim.

32. Pursuant to the BOLs, AHDL agreed to: (a) pay the Charges to OL without offset, deduction, or counter claim; and (b) pay the Charges upon demand.

33. AHDL is in material breach of the BOLs as it has failed to pay the Charges.

34. As a result of AHDL's breach of its obligations and duties under the BOLs, OL has suffered damages and OL is entitled to recover damages from AHDL in an amount to be proven at trial of no less than One Million One Hundred Seventy-Nine Thousand One Hundred Fifty and 37/100 Dollars ($1,179,150.37), plus pre-judgment and post-judgment interest, costs and reasonable attorneys' fees.

## COUNT II – ACCOUNT STATED

35. OL incorporates by reference each and every allegation set forth above.

36. On December 22, 2022, OL submitted to AHDL a summary of the invoices for the Charges due and owing to OL for the Services, and demanded payment thereof.  *See* **Ex. B**.

37. On January 9, 2023, OL sent written correspondence to AHDL and demanded payment of the Charges.  *See* **Ex. C**.

38. AHDL received the Demand Letters and retained the invoice summary without objection or protest.

39. As a result of AHDL's failure to pay the outstanding Charges, OL is entitled to recover damages from AHDL in an amount to be proven at trial of no less than One Million One Hundred Seventy-Nine Thousand One Hundred Fifty and 37/100 Dollars ($1,179,150.37), plus pre-judgment and post-judgment interest, costs and reasonable attorneys' fees.

## COUNT III – UNJUST ENRICHMENT/QUANTUM MERUIT

40. OL incorporates by reference each and every allegation set forth above.

41. As described above, beginning in July 2022, OL provided the Services to AHDL.

42. AHDL promised to pay OL for the Services and the Charges related to the shipments of the Goods.

43. OL provided the Services, AHDL was aware of the Services being provided, and AHDL received the benefit of OL's Services.

44. AHDL received, and was enriched by, the benefit of the Services provided by OL but has not paid the Charges associated with that benefit.

45. The benefits conferred upon AHDL are at the expense of, and to the detriment of, OL.

46. AHDL has a legal and/or equitable obligation to pay for the Charges.

47. It is against equity and good conscience for AHDL to retain the benefit of OL's Services without payment or restitution.

48. As a result of AHDL's failure to pay the outstanding Charges, OL is entitled to recover damages from AHDL in an amount to be proven at trial of no less than One Million One Hundred Seventy-Nine Thousand One Hundred Fifty and 37/100 Dollars ($1,179,150.37), plus pre-judgment and post-judgment interest, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing factual allegations and applicable legal theories, whether stated herein above or determined at a later time based upon the evidence presented at trial, OL respectfully requests a judgment in favor against AHDL on all claims for relief and providing the following:

1. Damages in an amount not less than One Million One Hundred Seventy-Nine Thousand One Hundred Fifty and 37/100 Dollars ($1,179,150.37);

2. Pre- and post-judgment interest to the extent permitted by law;

3. Reasonable attorneys' fees and costs; and

4. All other just and appropriate relief determined by the Court.

## DEMAND FOR JURY TRIAL

OL respectfully requests that all matters set forth in this Complaint so triable by tried by and before a jury.

Dated: January 17, 2023

**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**

*/s/ Deana S. Stein*
Deana S. Stein (DS5047)
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone: (216) 363-6170
Email: dstein@beneschlaw.com

*-and-*

Kevin M. Capuzzi (*pro hac vice application forthcoming*)
John C. Gentile ((*pro hac vice application forthcoming*)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Email:  kcapuzzi@beneschlaw.com
          jgentile@beneschlaw.com

*Attorneys for Plaintiff OL USA, LLC*